Filed 5/9/25  P. v. Conroy CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D083885 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD131527) |
| MICHAEL ROBERT CONROY, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, David J. Danielsen, Judge.  (Retired Judge of the San Diego Sup. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed.

Michael Robert Conroy, in pro. per.; Matthew A. Lopas, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

In 1998, Michael Robert Conroy pled guilty to three counts of residential burglary (Pen. Code, §§ 459, 460).[1]  He also admitted two prison

---

[1]     All further statutory references are to the Penal Code.

priors (§ 667.5, subd. (b)), two prior serious felony convictions (§ 667, subd. (a)(1)), and five prior strike convictions (§ 667, subds. (b)-(i)). The court sentenced Conroy to an indeterminate term of 85 years to life, consisting of three consecutive 25-year-to-life terms plus 10 years for the two prior serious felony convictions. It stayed the two prison priors under section 654.

In 1999, we issued an opinion from Conroy's direct appeal affirming but modifying the sentence. We stated, "The court should not have stayed the prison priors under section 654. Rather, the court should strike such priors. We will order the abstract of judgment amended to reflect the prison priors are stricken." (*People v. Conroy* (July 30, 1999, D032303) [nonpub. opn.], p. 2, fn. 2.)

In 2023, after the California Department of Corrections and Rehabilitation (CDCR) identified Conroy as a person who might be eligible to have his prison priors dismissed under Senate Bill No. 483, the trial court issued a tentative order denying resentencing because his sentence was "not enhanced by an eligible prison prior." The court then appointed counsel, reviewed the record, held a hearing and denied resentencing after determining that Conroy "has no prison priors as a part of the judgment on this case." It ordered "that an amended nunc pro tunc abstract be forwarded to CDCR in compliance" with our prior opinion.

Conroy filed a timely notice of appeal.

Appellate counsel has filed a brief pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), indicating counsel has not been able to identify any potentially meritorious issues for reversal on appeal. Counsel asks the court to exercise its discretion and conduct an independent review of the record for error consistent with *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). We notified Conroy of his right to file his own brief on appeal. He has responded with a letter containing various complaints about the fairness

of his underlying sentence. He does not raise any potentially meritorious issues for reversal on appeal.[2]

## DISCUSSION

As we have noted, appellate counsel has filed a brief pursuant to *Delgadillo* and asks the court to conduct a *Wende* review of the record for error. To assist the court in its review, and in compliance with *Anders v. California* (1967) 386 U.S. 738 (*Anders*), counsel has identified one possible issue that was considered in evaluating the potential merits of this appeal:

1. Did the trial court err in denying CDCR's request for recall and resentencing after verifying the sentencing enhancement status and did the denial affect appellant's substantial rights?

We have independently reviewed the record consistent with the requirements of *Wende* and *Anders*. We have not discovered any potentially meritorious issues for reversal on appeal. Competent counsel has represented Conroy on this appeal.

## DISPOSITION

The order denying resentencing under sections 1172.7 and 1172.75 is affirmed.

KELETY, J.


WE CONCUR:

DATO, Acting P. J.

BUCHANAN, J.

---

2      The underlying facts of the residential burglaries are discussed in our unpublished opinion. (*People v. Conroy* (July 30, 1999, D032303) [nonpub. opn.].)

3